Alexander MOSCOVITS, as assignee of Interbarter–Lombard, Kft., Plaintiff–Appellant,

v.

MAGYAR CUKOR RT. and Agrana International AG, Defendants–Appellees.

Docket No. 01–7799.

United States Court of Appeals, Second Circuit.

May 14, 2002.

Tracy Green, Pasadena, CA, for Appellant.

John J. Kenney, Simpson Thacher & Bartlett, N.Y., NY, for Appellees.

Present NEWMAN, KEARSE, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and de-

creed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Alexander Moscovits appeals from a judgment of the United States District Court for the Southern District of New York, Victor Marrero, *Judge*, dismissing his suit against defendants Magyar Cukor Rt., a Hungarian company, and Agrana International AG, Magyar's Austrian parent corporation, on the ground of forum non conveniens, conditioning the dismissal on Agrana's consent to personal jurisdiction in the Hungarian courts. On appeal, Moscovits contends that the dismissal was an abuse of discretion, arguing principally that he has no adequate alternative forum in which to litigate his claims and that the district court erred in balancing the pertinent factors. We are unpersuaded.

The district court found that Hungary is an adequate alternative forum; that Moscovits's choice of New York as a forum was entitled to less than the usual deference because he sued in the capacity of assignee of a Hungarian corporation; and that the *Gilbert* factors, *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), weighed heavily in favor of granting the forum non conveniens dismissal. We may not reverse a district court's dismissal on the ground of forum non conveniens unless the dismissal constituted a clear abuse of discretion. *See, e.g., Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir.2001) (en banc) ("*Iragorri*"); *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 99 (2d Cir.2000), *cert. denied*, 532 U.S. 941, 121 S.Ct. 1402, 149 L.Ed.2d 345 (2001); *Alcoa Steamship Co. v. M/V Nordic Regent*, 654 F.2d 147, 158 (2d Cir.) (en banc), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980). We see no such abuse here, and we affirm substantially for the reasons stated in the

district court's Decision and Order dated June 29, 2001.

This Court's *en banc* opinion in *Iragorri*, issued after the district court's decision in the present case, does not require a different result. The principal question in *Iragorri* was "what degree of deference should the district court accord to a United States plaintiff's choice of a United States forum where that forum is different from the one in which the plaintiff resides." 274 F.3d at 69 (internal quotation marks omitted). There was no issue in *Iragorri* as to the deference to be accorded when the plaintiff sues solely as the assignee of a foreign corporation; and we see no indication that the district court in the present case gave less deference to Moscovits's choice of forum on the basis that New York is not his residence.

"In *Iragorri* we ruled that a court should begin with the assumption that a plaintiff's choice of forum will stand unless the defendant can demonstrate," in accordance with *Gilbert*, "that reasons exist to afford it less deference. 274 F.3d at 70–71." *DiRienzo v. Philip Services Corp.*, No. 99–7825, 2000 WL 33725106, at *4, ⸺ F.3d ⸺, ⸺ (2d Cir.2002) (on rehearing); *see also id.* at *5, *8–*10, at ⸺, ⸺⸺⸺ (finding that the district court, in concluding that the Southern District of New York was a less convenient forum than Ontario, Canada, had given insufficient consideration to the facts, *inter alia*, that most of the plaintiffs had not chosen to involve themselves in international transactions; that the defendants had sought out business opportunities in the United States by registering their securities on American stock exchanges; that most of the plaintiffs had conducted their stock transactions within the United States; that the plaintiffs' suit had been transferred to the Southern District of New York by the Judicial Panel on Multi-

district Litigation at the behest of the defendants; and that the suit was governed by United States securities laws, in whose enforcement the United States has an interest).

In the present case, the district court found that defendants had demonstrated, *inter alia*, that Moscovits's suit centers on dealings between two Hungarian corporations in Hungary; that "the conduct giving rise to the causes of action never left Hungary's borders"; that nearly all of the relevant evidence is located in Hungary; that all but one of the witnesses are Hungarians who are in Hungary and that many of them are nonparties who are not subject to compulsory process; that the dispute has "minimal ties" to New York or the United States and that New York "has little or no interest in the resolution of this case"; that "[i]t is highly likely that Hungarian law would apply here"; and that the dispute has already been litigated in the courts of Hungary. We see no basis for disturbing the district court's evaluation of these factors or its conclusion that defendants had overcome the presumption to which Moscovits's choice of forum was entitled.

Nor does our opinion in *Bank of Credit & Commerce International (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246 (2d Cir.2001), require a different result, given Moscovits's concession that even in his preferred New York forum the Hungarian statute of limitations would be controlling. That concession was presumably based on New York's borrowing statute, N.Y.C.P.L.R. § 202 (McKinney 1990), under which, in the case of "a non-resident plaintiff su[ing] upon a cause of action that arose outside of New York, the court must apply the shorter limitations period ... of either: (1) New York; or (2) the state where the cause of action accrued." *Stuart v. American Cyanamid Co.,* 158 F.3d 622, 627 (2d Cir.1998), *cert. denied,* 526 U.S. 1065, 119 S.Ct. 1456, 143 L.Ed.2d 543 (1999); *see, e.g., Dar El–Bina Engineering & Contracting Co. v. Republic of Iraq,* 79 F.Supp.2d 374, 390 (S.D.N.Y.2000) ("[T]he New York borrowing statute requires that plaintiffs' claim be timely under the shorter of the New York or the applicable Iraqi or Kuwaiti statute of limitations."). Although Moscovits disagrees with the ruling already rendered by the Hungarian court that his claims are barred by the Hungarian statute of limitations, we cannot conclude that the district court's dismissal is a clear abuse of discretion on the basis that a United States court might reject the authoritative interpretation of Hungarian law by the Hungarian court.

We have considered all of Moscovits's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.