Sakinah ISMAIL, Abdullah Mohammad Sahyouni, Abeer Abdullah Sahyouni, Mona Abdullah Sahyouni, Nora Abdullah Sahyouni, Abmed Abdullah Sahyouni and Mohammad Sahyouni, Plaintiffs,

v.

AMERICAN UNIVERSITY OF BEIRUT, American University Hospital, Dr. Nadim Kanj, Dr. Ghada Kamar, John Doe's 1–10, Defendants.

No. 02 Civ. 8165(VM).

United States District Court, S.D. New York.

Feb. 25, 2003.

Joseph Elhilow, Elhilow & Maiocchi, L.L.P., Brooklyn, NY, for Plaintiffs.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiffs in this matter, Sakinah Ismail, Abdullah Mohammad Sahyouni, Abeer Abdulla Sahyouni, Mona Abdullah Sahyouni, Nora Abdullah Sahyouni, Ahmed Abdullah Sahyouni and Mohammad Sahyouni (collectively "Plaintiffs"), consist of seven individuals who assert in their complaint that they are residents of Syria, Saudi Arabia and Kuwait.[1] Defendant American University of Beirut ("AUB") is a private institution of higher education chartered by the State of New York that maintains an office in New York and administers the American University Hospital in Beirut ("AUH") as the teaching hospital of AUB. Plaintiffs allege that defendants Nadim Kanj ("Kanj") and Ghada Kamar ("Kamar") (together with AUB, the "Defendants") are physicians licensed to practice medicine in the State of New York. Plaintiffs allege no other connection between Kanj and Kamar and this forum, except that Kanj and Kamar rendered medical treatment to Ismail at AUH in October 2000. John Does 1–10 are defendants whose identity is presently unknown and who participated in the hospital services Ismail received at AUH from October 2000 to the present date.

The complaint indicates that the events constituting the underlying action arose from injuries Ismail claims she suffered by reason of alleged negligent medical care she received from Defendants, and from which she has never recovered, at AUH after she was admitted for certain treatment there on October 13, 2000.

On December 16, 2002, following the initial conference on this matter, the Court directed the parties to address the appropriateness of this District as venue for this action and the applicability of the doctrine of forum non conveniens to the facts of this case. Counsel for defendants AUB and AUH indicated that these defendants expected to move for dismissal of this action on these grounds.

Plaintiffs responded by letter received by the Court on December 27, 2002.[2] In it, Plaintiffs advance four arguments in support of maintaining the action in this District. First, they contend that under the doctrine of *forum non conveniens* Plaintiffs' choice of venue is entitled to great deference and that Defendants have the burden of demonstrating that an adequate alternate forum exists. Nonetheless, they point out that the most recent travel warning issued by the United States Department of State updating on the security situation in Lebanon alerts American citizens of the potential dangers of travel to Lebanon and recommends that Americans exercise caution if traveling there. Second, Plaintiffs argue that "[d]iscovery could very possibly lead to information which could substantially affect the outcome of any determination" concerning the issue of venue in this forum. Third, Plaintiffs' describe difficulties they have encountered in Lebanon obtaining medical records from AUB short of a court order, and in prompting a criminal investigation of the events that resulted in Ismail's med-

---

1. Specifically, they state that Sakinah Ismail ("Ismail") and Abdullah Mohammad Sahyouni, her husband, reside in Syria; Abeer Abdullah Sahyouni and Mona Abdullah Sahyouni, the daughters of Ismail, reside in Sauoi Arabia; Nora Abdullah Sahyouni, also a daughter of Ismail, resides in Syria; and Abmad Abdullah Sahyouni and Mohammad Sahyouni, the sons of Ismail, reside in Kuwait.

2. Plaintiffs' letter is incorrectly dated July 3, 2002. Plaintiffs' letter and Defendants' response, described below, have been entered into the official record of this matter along with this Decision and Order.

ical injuries. Finally, Plaintiffs maintain that Lebanon's court system would not offer an effective forum to enable Plaintiffs' to obtain necessary documents, and may not provide similar causes of action.

By letter dated December 30, 2002, and subsequently on January 13, 2003, by motion to dismiss on the grounds of improper venue and pursuant to the doctrine of forum non conveniens, defendants AUB and AUH argue that dismissal on *forum non conveniens* grounds is appropriate. Plaintiffs did not respond to the motion to dismiss by the return date of February 11, 2003. The Court therefore considers the motion as unopposed.

AUB asserts that it operates the AUH as part of the University's Medical Center in Beirut; that the Medical Center is managed, staffed and administered under the direction of AUB officials in Beirut and that the services of the hospital's personnel are performed solely in Beirut and its records are all located there. (Affidavit of Eileen F. O'Connor, dated January 8, 2003, attached to Notice of Motion to Dismiss on the Grounds of Improper Venue and Pursuant to the Doctrine of Forum Non Conveniens, dated January 13, 2003, ¶¶ 4–5.) AUB's only presence in the United States is an administrative office consisting of 18 persons engaged primarily in fund-raising. (*Id.* ¶ 5.) AUB further states that AUB is amenable to process in Lebanon, that it has been sued in Lebanon before, that Lebanese courts permit litigation of claims based on medical malpractice, and that AUB agrees to submit to the jurisdiction of Lebanese courts and waive the statute of limitations in connection with Plaintiffs' claims. (*Id.* ¶ 11.)

In support of their position, Defendants cite to this Court's ruling in *Gibbon v. American Univ. of Beirut,* No. 83 Civ. 1183, slip *op.* (S.D.N.Y. Sept. 27, 1983). In that case, a malpractice claim brought in this District against AUB during the peak of the Lebanese civil war, the action was dismissed on *forum non conveniens* grounds. Defendants point to evidence that civil and political conditions in Lebanon today have improved since the end of the civil conflict there in 1990, rendering that country a far more stable and secure forum to pursue litigation than when *Gibbon* was decided.

■ Having considered the circumstances described by Plaintiffs in their complaint and the parties' submissions in response to the Court's December 16, 2002 Order, as well as the AUB's motion to dismiss and related papers, the Court concludes that this action should be dismissed on the grounds of *forum non conveniens.*

Weighing the pertinent factors in accordance with the inquiry and balancing compelled by the Supreme Court's rulings in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) and *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), in connection with application of the doctrine of *forum non conveniens,* the circumstances overwhelming favor dismissal of this action. *See also Iragorri v. United Techs. Corp.,* 274 F.3d 65 (2d Cir.2001); *Victoria-Tea.com, Inc. v. Cott Beverages Canada,* 239 F.Supp.2d 377 (S.D.N.Y.2003); *Moscovits v. Magyar Cukor Rt. and Agrana Int'l AG,* No. 00 Civ. 0031, 2001 WL 767004 (S.D.N.Y. July 9, 2001), *aff'd,* 34 Fed.Appx. 24, 2002 WL 992339 (2d Cir. 2002); *Ilusorio v. Ilusorio–Bildner,* 103 F.Supp.2d 672 (S.D.N.Y.2000), *aff'd,* 2001 U.S.App. Lexis 17157 (2d Cir. March 23, 2001).

First, the Court notes that Plaintiffs assert they all are residents of three different foreign countries. The underlying relationships between the parties and the events allegedly resulting in the injuries

that gave rise to this action all occurred at AUH in Lebanon. Except for AUB, all of the Defendants appear to be foreign residents. The only connections of the two treating physicians named defendants, Kang and Kamar, asserted upon information and belief, is that they may have received medical education or training in the United States and may have been licensed to practice medicine in the State of New York. The sole relationship of the AUB with this forum is that it functions under a charter from the State of New York, is administered by a Board of Trustees based in New York and maintains an office in New York. *See Gibbon,* slip op., at 2 (noting that AUB "is first and foremost a Lebanese entity despite its legal connection with the State of New York."). No amount of discovery is likely to materially alter these connections or relationships or strongly tilt the balance of these operative facts to bring them any closer to this District.

■ Where the circumstances indicate that the parties and events bear no bona fide connection, or at best may have only marginal links to the forum, plaintiffs' choice of venue is not entitled to special deference, in particular where the claimants are all foreign residents. *See Reyno,* 454 U.S. at 256, 102 S.Ct. 252; *Iragorri,* 274 F.3d at 72; *VictoriaTea.com, Inc.,* at 381. Weighing all of these considerations strongly suggests to the Court that forum-shopping reasons motivated Plaintiffs' choice of this District. *See Iragorri,* 274 F.3d at 72.("[T]he more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons ... the less deference the plaintiff's choice commands and, consequently, the easier it becomes for the defendant to succeed on a *forum non conveniens* motion by showing that convenience would better be served by litigating in another country's courts.")

Second, there is no persuasive indication that Lebanon is not a proper alternate forum. As this Court already found in *Gibbon,* AUB is subject to process there and the forum recognizes actions for medical malpractice such as that asserted by Plaintiffs here. *See Gibbon,* slip op.; *see also Jeha v. Arabian Am. Oil Co.,* 751 F.Supp. 122, 125 (S.D.Tex.1990) (finding Lebanon an adequate forum for a medical malpractice action during civil conflict in 1990). Similarly insufficient are Plaintiffs' conclusory statements about the adequacy of Lebanon's justice system and their assertion that the Lebanese courts may not recognize all of their causes of action. *See Moscovits,* 2001 WL 767004, at *3 ("While [plaintiff] contends that [the proposed alternate forum] does not provide [certain] specific causes of action ... the adequacy of an alternate forum does not depend upon the availability of causes of action identical to those in the United States.") (citing *Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC,* 155 F.3d 603, 610 (2d Cir.1998)); *see also Monegasque de Reassurances S.A.M. v. Nak Naftogaz of Ukraine,* 158 F.Supp.2d 377, 384–85 (S.D.N.Y.2001) (noting that petitioner's conclusory arguments were insufficient to permit the Court "to pass value judgments on the adequacy of justice and the integrity of [the foreign state's] judicial system on the basis of no more than [petitioner's] bare denunciations and sweeping generalizations."), *aff'd,* 311 F.3d 488 (2d Cir.2002). As Defendants point out, this Court's findings in *Gibbon* relevant to prevailing conditions in 1983, when Lebanon was torn by civil strife, persuasively argues in favor of a determination that Lebanon remains an adequate alternate forum today.

Third, the *Gilbert* private interest factors weigh heavily in favor of dismissal. All of the parties as well as all material

witnesses and relevant medical records and documents pertaining to the malpractice Plaintiffs allege here are located in Lebanon. This Court lacks power to compel the attendance of non-party witnesses at a deposition or trial or the production of documents in their possession. *See Ilusorio*, 103 F.Supp.2d at 677. It would be far more costly and inconvenient for parties and witnesses to travel to this forum and produce documents here than to do so in the forum where the underlying events occurred. *See Gilbert*, 330 U.S. at 511, 67 S.Ct. 839.

Similarly, application of the *Gilbert* public interest factors here support dismissal. *See id.* at 508–09, 67 S.Ct. 839; *Ilusorio*, 103 F.Supp.2d at 678. At bottom, Plaintiffs describe a quintessentially local dispute predominantly centered in Lebanon and that is governed by Lebanese law. Lebanon has a strong interest in permitting its legal system to resolve private disputes among residents and institutions located in Lebanon involving injuries that occurred there. *See Ilusorio*, 103 F.Supp.2d at 679. Nothing in the facts Plaintiffs allege offers any compelling reason to impose a burden on jurors to serve in this District, where the courts are congested, and on this Court to apply foreign law, so as to adjudicate a controversy with no connection with the forum other than an administrative office maintained here by one of the Defendants.

Accordingly, the Court concludes that on balance, the *Gilbert* public and private interest factors tilt strongly in favor of dismissal. *See Gilbert*, 330 U.S. at 508, 67 S.Ct. 839; *Reyno*, 454 U.S. at 255–56, 102 S.Ct. 252.

### ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendants American University of Beirut and American University Hospital to dismiss Plaintiffs' complaint herein on the grounds of *forum non conveniens* is GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED**.